1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10   LAURA MOYA,                          )    Civil No. 12cv1150 JAH (WMc)
                                          )
11                    Plaintiff,          )    **ORDER GRANTING IN PART AND**
     v.                                   )    **DENYING IN PART**
12                                        )    **DEFENDANT'S MOTION TO**
     CITIMORTGAGE, INC., and DOES 1       )    **DISMISS [Doc. No. 11]**
13   through 100.                         )
                                          )
14                    Defendants.         )
                                          )
15   ─────────────────────────────       )

16                            **INTRODUCTION**

17          Pending before this Court is Defendant CitiMortgage, Inc.'s motion to dismiss the

18   complaint, or in the alternative, motion to strike.  Plaintiff filed an opposition to the

19   motion and Defendant filed a reply.  After a careful review of the parties' submission, and

20   for the reasons set forth below, this Court **GRANTS IN PART AND DENIES IN PART**

21   Defendant's motion to dismiss and **GRANTS** Defendant's motion to strike.

22                            **BACKGROUND**

23          Plaintiff originally filed a complaint on March 6, 2012, in the Superior Court of

24   California, County of San Diego asserting causes of action for breach of contract, unlawful

25   foreclosure, fraud, unjust enrichment, and negligent infliction of emotional distress.  She

26   named CitiMortgage, Inc. and Does 1 through 100 as defendants.  CitiMortgage removed

27   the action to this Court on May 11, 2012, and thereafter sought dismissal of the

28   complaint for failure to state a claim.  The Court granted the motion to dismiss, dismissing

1   Plaintiff's first, second, third, and fifth causes of action without prejudice and the fourth

2   cause of action with prejudice.  Plaintiff filed a First Amended Complaint ("FAC") on

3   April 22, 2013, asserting claims for breach of contract, unlawful foreclosure, and negligent

4   infliction of emotional distress.  Defendant CitiMortgage filed the pending motion to

5   dismiss on May 6, 2013.[1]  Plaintiff filed an opposition to the motion, and Defendant filed

6   a reply.  The motion was taken under submission without oral argument pursuant to Local

7   Rule 7.1.

8                                              **DISCUSSION**

9        Defendant argues Plaintiff's claims against it are legally insufficient and must be

10   dismissed.

11   **I.  Motion to Dismiss**

12   **A.     Legal Standard**

13       A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.

14   Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).   Dismissal is warranted under

15   Rule 12(b)(6) where the complaint lacks a cognizable legal theory.  Robertson v. Dean

16   Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490

17   U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis

18   of a dispositive issue of law.").  Alternatively, a complaint may be dismissed where it

19   presents a cognizable legal theory yet fails to plead essential facts under that theory.

20   Robertson, 749 F.2d at 534.  While a plaintiff need not give "detailed factual allegations,"

21   he must plead sufficient facts that, if true, "raise a right to relief above the speculative

22   level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

23        "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

24   _____

25        [1]In connection with the motion to dismiss, Defendant filed a request for Judicial
     Notice, requesting the Court notice five documents.  See Doc. No. 11-2.  This Court may

26   take judicial notice of an adjudicative fact "not subject to reasonable dispute because it can
     be . . . accurately and readily determined from sources whose accuracy cannot be

27   reasonably questioned."  See FED. R. EVID. 201; Grason Elec. Co. v. Sacramento Mun.
     Util. Dist., 571 F. Supp. 1504, 1521 (E.D. Cal. 1983).  Because these documents are

28   capable of accurate and ready determination from sources whose accuracy cannot be
     reasonably questioned and the parties do not dispute the authenticity of the documents,
     Defendant's request for judicial notice is **GRANTED.**

accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party.  <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th  Cir. 2002); <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations.  <u>Ileto v. Glock, Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003); <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).  When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. <u>See</u> <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995).

**B.     Analysis**

**1.  Breach of Contract**

Defendant argues Plaintiff fails to state a claim for breach of contract.  Specifically, Defendant argues Plaintiff fails to allege the foundational element of a contract between the parties.  Defendant further argues that, even if the Court deems the alleged contract

12cv1150

1  an enforceable agreement, the contract does not require a permanent loan modification,

2  Plaintiff has not performed her obligations under the contract, and Plaintiff fails to allege

3  any damages caused by Defendant's purported breach.

4     Plaintiff argues each of the elements for a cause of action for breach of contract has

5  been set forth in the FAC.  Relying on <u>Barroso v. Ocwen Loan Servicing LLC</u>., 208 Cal.

6  App. 4th 1001, 1013 (2012), Plaintiff maintains she alleges the existence of a valid, fully

7  executed written Trial Period Plan agreement and Defendant's signature was not a

8  condition precedent to the formation of the contract.

9     In reply, Defendant argues the statute of frauds requires the agreement to be in

10 writing and signed by the party against whom enforcement is sought.   Defendant

11 maintains the Trial Period Plan is not signed by Defendant.   Defendant argues Plaintiff's

12 reliance on <u>Barroso</u> to support her argument that the Trial Period Plan is a valid contract

13 is misplaced.  Defendant maintains, the plaintiff in <u>Barroso</u> signed both the Trial Period

14 Plan and the Home Affordable Modification Agreement and the court found the plaintiff

15 sufficiently alleged a breach of the modification agreement, not the Trial Period Plan.

16 Unlike the plaintiff in <u>Barroso</u>, Defendant contends Plaintiff never alleges she was

17 provided the modification agreement.  Defendant further maintains the court highlights

18 the argument made by Defendant in its motion that the plain and clear language of the

19 Trial Period Plan required a copy of a Modification Agreement be sent to Plaintiff before

20 a loan modification contract would have been established between the parties.

21     Defendant also argues Plaintiff did not perform under the Trial Period Plan because

22 she acknowledges she did not make the first payment until April 12, 2010, although the

23 first payment was due April 1, 2010.

24     To state a claim for breach of contract under California law, a plaintiff must show:

25 "(1) existence of the contract; (2) plaintiff's performance or excuse for non-performance;

26 (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."  <u>CDF</u>

27 <u>Firefighters v. Maldonado</u>, 158 Cal. App. 4th 1226, 1239 (2008).

28     A contract subject to the statute of frauds is invalid unless it is in writing and signed

by the party to be charged in court with the performance of the obligation.  <u>See</u> Cal. Civ. Code § 1624; <u>Secrest v. Security Nat. Mortg. Loan Trust 2002-2</u>, 167 Cal. App. 4th 544, 552 (2008).  A sale of real property, and a mortgage or deed of trust come within the statute of frauds.  Cal. Civ. Code § 1624; <u>Secrest</u>, 167 Cal. App. 4th at 552.  Further, "[a] mortgage can be created, renewed, or extended, only by writing executed with the formalities required in the case of a grant of real property." Cal. Civ. Code § 2922.  "An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds." <u>Secrest</u>, 167 Cal. App. 4th at 553.

Plaintiff  alleges she entered into a Trial Period Plan agreement with Defendant in order to obtain a loan modification through the Home Affordable Modification Program and Defendant breached the agreement by unilaterally modifying her payments and foreclosing on the property.  FAC ¶ 2, 15, 44.  Plaintiff alleges she submitted payments as required for the Trial Period Plan.  <u>Id.</u> ¶ 17, 19, 22, 25, 26, 27. She further alleges Defendant sold her property at a foreclosure sale on October 13, 2010.  <u>Id.</u> ¶¶ 34, 50.

The Trial Period Plan attached to the FAC does not include Defendant's signature. However, Plaintiff alleges she made numerous payments pursuant to the Trial Period Plan which the Defendant accepted from April 2010 through September 2010.  Although <u>Barroso</u> involved an unsigned modification agreement rather than an unsigned Trial Period Plan agreement, the Court finds the difference insignificant,  and finds the court's reasoning in <u>Barroso</u> applies equally here.  The court in <u>Barroso</u> reasoned that it must "avoid an interpretation which will make a contract extraordinary, harsh, unjust or inequitable" and interpreting the contract so that the defendant's failure to send signed copies to the plaintiff precluded  the formation of a contract would provide the defendant "sole control over the formation of the contract despite [the plaintiff's] full performance." <u>Barroso</u>, 208 Cal.App.4th at 1012.  To find no contract was not formed based upon Defendant's failure to return a signed copy of the Trial Period Plan, where both parties have acted in accordance with the existence of a contract, would reach an inequitable result. As such, this Court finds Plaintiff sufficiently alleges a contract between the parties.

12cv1150

1

2       The Court also finds Plaintiff sufficiently alleges the remaining elements of a claim

3   for breach of contract, including her performance or excuse for non-performance under the

4   agreement.  While Plaintiff does allege her payments were due on the first of the month

5   and she made her first payment on April 12, 2010, she also alleges Defendant accepted

6   that payment and additional subsequent payments, and, therefore, continued to behave

7   as if a valid contract existed between the parties.

8       Accordingly, Defendant's motion to dismiss the breach of contract claim is

9   DENIED.

10  **2.  Unlawful Foreclosure**

11      Defendant argues Plaintiff fails to state a claim for unlawful foreclosure because the

12  foreclosure sale was not improper and was conducted after Plaintiff admittedly failed to

13  make the requisite mortgage payments, and Plaintiff failed to allege tender.

14      Plaintiff argues the FAC alleges she timely made payments due under the Trial

15  Period Plan agreement, and Defendant wrongfully foreclosed in breach of the agreement

16  despite the fact Plaintiff fully performed on the agreement.  She further argues there is no

17  need to tender because she is seeking damages, not rescission.

18      In reply, Defendant argues Plaintiff ignores authority that requires a wrongful

19  foreclosure claim to include tender.  She does not cite to any legal authority to support an

20  argument that any exception to the tender rule applies.  Additionally, Defendant argues

21  Plaintiff has not identified any "unlawful" conduct by Defendant and the FAC does not

22  allege sufficeint damages to support a claim.

23      Generally, tender of the amount owed is a condition precedent to any claim for

24  wrongful foreclosure or challenge to the validity of a foreclosure sale.  See <u>Abdallah v.</u>

25  <u>United Savings Bank</u>, 43 Cal.App.4th 1101, 1109 (1996); <u>Arnold's Management Corp.</u>

26  <u>v. Eischen</u>, 158 Cal.App. 3d 575, 578 (1984); <u>Gardner v. Am. Home Mtg. Servicing, Inc.</u>,

27  2010 WL 582117 (E.D.Cal. 2010). This Court notes that the majority of California

28  district courts recognize that plaintiffs seeking to set aside a completed foreclosure must

12cv1150

1    allege the ability to tender.  See, e.g., <u>Lipscomb v. Mortgage Elec. Registration Sys., Inc.</u>,

2    2011 WL 3361132 *7 (E.D.Cal. 2011); <u>Davidson v. Countrywide Home Loans, Inc.</u>,

3    2011 WL 1157569 *3 (S.D.Cal. 2011); <u>Grant v. Aurora Loan Services, Inc.</u>, 736

4    F.Supp.2d 1257, 1269-70 (C.D.Cal. 2010); <u>Pantoja v. Countrywide Home Loans, Inc.</u>,

5    640 F.Supp. 2d 1177, 1184 (N.D.Cal. 2009).  Courts have recognized exceptions to the

6    tender rule, such as when it is inequitable to do, when a party is seeking to prevent a sale

7    rather than set aside a completed sale, and where the sale is void rather than voidable.  <u>See</u>

8    <u>Tamburri v. Suntrust Mortg., Inc.</u>, 2011 WL 6294472 *3 (N.D.Cal. 2011).

9         Plaintiff argues she is not required to tender because she seeks only damages not

10   rescission.  However, she cites to no authority in support of her argument[2] and simply

11   relies on <u>Barroso</u>.  In <u>Barroso</u>, the court determined the plaintiff was not required to tender

12   because the facts alleged demonstrated there was no default under the terms of the

13   modification agreement which brought the loan current.  208 Cal.App.4th at 1017.

14   Plaintiff does not allege a cure of the default pursuant to the Trial Period Plan, and the

15   agreement specifically states acceptance of payments by Defendant pursuant to the Trial

16   Period Plan "shall not constitute a cure of [the] default."  FAC, Exh. A at 3 (Doc. No. 10-

17   2). As such, the reasoning of <u>Barroso</u> does not support Plaintiff's argument.

18        Nonetheless, the Court finds, under the facts alleged, it is inequitable to require

19   Plaintiff to tender.  Plaintiff alleges she made modified payments as required, which

20   Defendant accepted and she was unaware the property was sold at foreclosure despite the

21   acceptance of her payments.  Furthermore,  she received a letter informing her she should

22   contact the bank to discuss avoiding the sale of the property at foreclosure dated after the

23   date the property was sold.  The Court further finds, Plaintiff sufficiently alleges a claim

24   for wrongful foreclosure.   Accordingly,  Defendant's motion to dismiss the wrongful

25   foreclosure claim is DENIED.

26   //

27   _____

28        [2]Courts in California have determined the tender rule applies equally to actions for
     damages as to those seeking to set aside a foreclosure.  <u>See</u> <u>Ottolini v. Bank of America</u>,
     2011 WL 3652501 (N.D.Cal. 2011).

### 3. Negligent Infliction of Emotional Distress

Defendant argues Plaintiff's cause of action for negligent infliction of emotional distress fails to state a viable claim because Defendant does not owe any duty of care to Plaintiff related to the subject loan or property.  Even if it did owe a duty, Defendant argues it did not breach such duty because it was under no legal obligation to consider Plaintiff for a loan modification, and Plaintiff cannot allege the causation or damages to support the claim.

Plaintiff argues there is no absolute rule that a mortgage servicer owes no duty to its borrowers, particularly in the loan modification context; the court must engage in a context-specific inquiry as to whether a duty exists.  She maintains that the FAC alleges that as a direct and proximate result of Defendant's conduct, she experienced emotional distress resulting in a miscarriage and suicide of a family member.

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  Nymark v. Heart Fed. Savings & Loan Assoc., 231 Cal. App. 3d 1089, 1096 (1991) (affirming summary judgement in favor of defendant lending institution because defendant owed no duty to plaintiff in conducting its loan processing procedures).  However, California courts utilize a six-factor balancing test for use in determining whether a financial institution owes a duty of care to a borrower-client.  See Morgera v. Countrywide Home Loans, Inc., 2010 WL 160348, at *5 (E.D. Cal Jan 11, 2010).  These factors include: "[1] the extent to which the transaction was intended to affect the plaintiff, [2] the forseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm."  Nymark, 231 Cal. App. 3d at 1098.

In the FAC, Plaintiff alleges she was shocked to find out her home was sold by Defendant "as she tendered her payments in a timely manner" and Defendant accepted

the payments without objection.  FAC ¶ 34.  She further alleges she received no notice the foreclosure sale was pending.  Id. ¶ 36.  Additionally, Plaintiff alleges Defendant returned her October 2010 payment with a letter dated October 15, 2010 informing her there were options for her to cure the delinquency of her mortgage to avoid foreclosure, but they had already sold the property.  Id. ¶¶ 39, 40.  She further alleges Defendant "continued to represent to Plaintiff that they would help her save her home after they knew or should have known that they sold her home."  Id. ¶ 75.  Plaintiff alleges she was so distressed by the breach of contract and wrongful foreclosure she suffered a miscarriage and her brother, who lived with her in the subject property, committed suicide.  Id. ¶¶ 37, 41.

The Court finds Plaintiff fails to sufficiently allege Defendant's conduct exceeded its conventional role as a lender or Defendant otherwise owed a duty of care to Plaintiff to support her claim for negligent infliction of emotional distress.  Accordingly, the motion to dismiss this claim is GRANTED.

**II.  Motion to Strike**

Defendant moves the Court for an order striking Plaintiff's request for punitive damages, and her request for attorney's fees.  Defendant also moves to strike irrelevant and scandalous allegations.

**A.  Legal Standard**

Under Rule 12(f), a party may move to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED.R.CIV.P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored, unless "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  LeDuc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992); Cairns v. Franklin Mint Co., 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998); See also Colaprico v. Sun Microsystems, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

12cv1150

**B.  Analysis**

**1.  Request for Punitive Damages**

Defendant argues Plaintiff cannot seek punitive damages for her breach of contract and unlawful foreclosure claims which are  based on a purported breach of the Trial Period Plan pursuant to California Civil Code section 3294.  Defendant further argues Plaintiff's negligence claim only alleges negligent conduct which is insufficient for a claim for punitive damages.  As noted by Defendant in the reply, Plaintiff fails to address this argument.

Pursuant to California Civil Code §3294(a), a plaintiff may recover punitive damages "in an action ... where it is proven by clear and convincing evidence that defendant is guilty of fraud , oppression or malice. . ."

The Court finds Plaintiff fails to allege facts to support a prayer for punitive damages.  Accordingly, the motion to strike Plaintiff's request for punitive damages is GRANTED.

**2.  Attorney's Fees**

Defendant argues Plaintiff's request for attorney's fees should be stricken because she does not allege a contract entitling her to fees or a statutory claim to attorney's fees. Plaintiff does not address Defendant's argument.

The FAC fails to allege a contractual basis or statutory authorization to support Plaintiff's request for attorney's fees.  See Cal. Code Civ. Pro. § 1021.  Therefore, the motion to strike the request for attorney's fees is GRANTED.

**3.  Irrelevant and Scandalous Allegations**

Defendant seeks an order striking Plaintiff's allegations relating to her purported miscarriage and her brother's suicide.  Defendant argues the allegations have no bearing on the issues and subject matter of the litigation.  Plaintiff does not address this argument in her opposition.

The allegations regarding Plaintiff's miscarriage and her brother's suicide are not relevant to the claims and requests for damages remaining in Plaintiff FAC.  As such, the

12cv1150

1   Court GRANTS Defendant's motion to strike these allegations pursuant to Rule 12(f).

2   **CONCLUSION AND ORDER**

3   Based on the foregoing, IT IS HEREBY ORDERED:

4   1.   Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN**

5   **PART.**   The motion is **GRANTED** as to Plaintiff's claim for negligent

6   infliction of emotional distress.   The motion is otherwise **DENIED.**

7   2.   Defendant's motion to strike is **GRANTED**.

8   Dated:      March 28, 2014

9   
10   JOHN A. HOUSTON
    United States District Judge

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12cv1150